COLE, Judge.
The issue presented is whether or not the trial court erred in granting a motion for summary judgment in favor of the Estate of Leo J. Bousegard, Lucy B. Bousegard and State Farm Automobile Insurance Company and against Nolan Freyoux, Rose Ann Freyoux, and Gayle Ann Edwards.
On April 14, 1977, plaintiffs Rose Ann Freyoux and Gayle Ann Edwards were the driver and passenger, respectively, of a car owned by Nolan Freyoux. They were traveling west on Highway U.S. 90 approximately four miles west of Franklin, Louisiana. At the same time the defendants Leo J. Bousegard and Lucy B. Bousegard were the driver and passenger of an automobile traveling on the same highway in an easterly direction. Suddenly the car driven by Mr. Bousegard crossed over into the opposite lane and collided head on with the Freyoux car. Mr. Bousegard did not survive the accident and the other occupants of the two cars were seriously injured.
On April 13, 1978, Mrs. Bousegard filed suit against State Farm, her husband’s insurer, alleging various acts of negligence on the part of her husband had caused her injuries. On April 14,1978, Rose Ann Frey-oux, Gayle Ann Edwards and Nolan Frey-oux [1] filed suit against the Estate of Leo Bousegard, Mrs. Bousegard, and State Farm, also alleging Mr. Bousegard’s negligence had caused their injuries. The cases were later consolidated for trial.
The Bousegard defendants filed a motion for summary judgment, submitting various depositions to support their defense that Mr. Bousegard had not been negligent but had instead suffered from a sudden heart attack which caused his vehicle to cross into the other lane. They argued this event was unavoidable and unforeseeable, therefore neither Mr. Bousegard nor his insurer should be held responsible. The trial court granted the summary judgment in favor of the Bousegards and dismissed the consolidated cases. The Freyoux plaintiffs appealed as did Mrs. Bousegard.[2]
In considering the motion for summary judgment we must determine if the supporting evidence shows there is no genuine issue of material fact as to Mr. Bousegard’s negligence. La.Code Civ.P. art. 966.
La.Code Civ.P. art. 967 reads in pertinent part as follows:
“When a motion for summary judgment is made and supported as provided *1238 above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
The appellees, as movers, offered several depositions in support of their motion for summary judgment. The decedent’s wife, Mrs. Lucy Bousegard, and his son, Glen Bousegard, both testified Mr. Bousegard had never complained of chest pains or of breathing difficulties and was generally in excellent health. Dr. Felix Rabitor testified he had performed a complete physical on Mr. Bousegard two months prior to the accident and found all vital signs normal. He stated Mr. Bousegard did not complain about any chest pains. Appellants, as the adverse parties, did not offer any evidence to contradict these statements. Therefore, we must conclude the heart attack was an unforeseen event.
The deposition of Dr. Harvey Sykes, Deputy Coroner of St. Mary Parish, established that Mr. Bousegard suffered from a thrombosis (which is generally referred to as a “heart attack”) which probably caused him to lose control of the vehicle and swerve into the other lane. Based on the autopsy performed shortly after Mr. Bousegard’s death, Dr. Sykes stated the heart also ruptured, which he believed occurred as a result of Mr. Bousegard’s chest striking the steering wheel during the collision. Again, appellants did not offer any evidence in opposition to this deposition.
Under the guidance of La.Code Civ.P. arts. 966 and 967 we conclude the summary judgment was appropriate. We have certain evidence offered by the appellees showing the heart attack was unforeseeable and that it probably occurred prior to Mr. Bousegard’s losing control of the car. In addition to this evidence we are influenced by circumstances of the accident. Common sense dictates it is more probable the heart attack caused the accident rather than the accident caused the heart attack. Certainly this observation would carry no weight had appellants offered one bit of evidence to counter that offered by appellees. But since no evidence was offered and appellants are relying on the bare allegations of their pleadings, we feel that article 967 dictates we affirm the summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.

. Although Mr. Freyoux was not physically injured he filed suit claiming property damage to the automobile, community medical expenses incurred by his wife, and loss of consortium and services of his wife.

. Mrs. Bousegard appealed apparently to protect her interest should this court reverse the summary judgment. In that situation she would want to still be able to prosecute her suit against State Farm. No briefs were filed on her behalf as appellant and no issues as to that aspect of the case are raised on appeal. Because the Freyoux plaintiffs appealed first they are referred to as the appellants in this opinion.